IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAFAEL CORTEZ-OROPEZA,<br><br>Defendant. | CRIM. NO. 18-459 (PAD) |

**MEMORANDUM AND ORDER**

Delgado-Hernández, District Judge.

Before the court is defendant's "Motion for a Judgment of Acquittal on Counts One and Two of the Indictment under Fed.R.Crim.P. 29(c)" (Docket No. 95), which the government opposed (Docket No. 100). For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On December 17, 2019, a federal grand jury returned a two-count second superseding indictment charging defendant Rafael Cortez-Oropeza of being a prohibited person in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1) (Count One), and possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. §922(k) (Count Two) (Docket No. 49). On March 11, 2020, after a three-day trial, a jury found defendant guilty on both counts (Docket Nos. 88 and 90).

Defendant now moves for a judgment of acquittal under Fed.R.Crim.P. 29, alleging that the evidence was insufficient to support his conviction on both counts. Specifically, he contends that the government failed to present sufficient evidence that the guns charged in the indictment and

United States v. Cortez-Oropeza
Criminal No. 18-459 (PAD)
Memorandum and Order
Page 2

admitted into evidence qualified as "firearm[s]" per the statutory definition of the term in 18 U.S.C. § 921 (Docket No. 95). The government opposes, arguing that given the testimony of several witnesses about the guns and defendant's post-arrest statements regarding the guns, the jury could reasonably conclude beyond a reasonable doubt that each of the guns seized fits into the relevant statutory definition of a firearm (Docket No. 100).

## II. STANDARD OF REVIEW

Pursuant to Rule 29 of the Federal Rules of Criminal Procedure, "[a] defendant may move for a judgment of acquittal, or renew such a motion, within 14 days after a guilty verdict or after the court discharges the jury, whichever is later." Fed.R.Crim.P. 29(c)(1). In deciding a motion for a judgment of acquittal, the court "view[s] the evidence in the light most favorable to the jury's guilty verdict," United States v. Fernández-Jorge, 894 F.3d 36, 42 (1st Cir. 2018) (citing United States v. Santos-Soto, 799 F.3d 49, 56-57 (1st Cir. 2015)), and "assess[es] whether a reasonable factfinder could have concluded that the defendant was guilty beyond a reasonable doubt" United States v. Lipscomb, 539 F.3d 32, 40 (1st Cir. 2008).

The court does not "assess the credibility of a witness, as that is a role reserved for the jury," nor does it need to "be convinced that the government succeeded in eliminating every possible theory consistent with the defendant's innocence." United States v. Naranjo-Rosario, 871 F.3d 86, 93 (1st Cir. 2017) (quoting United States v. Troy, 583 F.3d 20, 24 (1st Cir. 2009)). "Rather, [it] must decide whether that evidence, including all plausible inferences drawn therefrom, would allow a rational factfinder to conclude beyond a reasonable doubt that the defendant committed the charged crime." Id. (quoting Troy, 583 F.3d at 24). "[T]estimony from just one witness can support a conviction." United States v. Rodríguez-Torres, 939 F.3d 16, 31 (1st Cir. 2019) (quoting United

United States v. Cortez-Oropeza
Criminal No. 18-459 (PAD)
Memorandum and Order
Page 3

States v. Negrón-Sostre, 790 F.3d 295, 307 (1st Cir. 2015)).  Accordingly, "[t]he verdict must stand unless the evidence is so scant that a rational factfinder could not conclude that the government proved all the essential elements of the charged crime beyond a reasonable doubt."  United States v. Vázquez-Soto, 939 F.3d 365, 371 (1st Cir. 2019) (quoting United States v. Rodríguez-Vélez, 597 F.3d 32, 39 (1st Cir. 2010)).

### III.  DISCUSSION

Count One charged defendant with violating 18 U.S.C. § 922(g)(1), which makes it "unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . [to] possess in or affecting commerce, any firearm or ammunition."  Count Two charged defendant with violating 18 U.S.C. § 922(k), which makes it "unlawful for any person knowingly . . . to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce."

Defendant's challenge to his convictions is a narrow one.  He draws his aim solely at the firearm element of the offenses, asserting that there was insufficient evidence to show that the guns charged in Counts One and Two fit the statutory definition set forth in Section 921.[1]  In support, he suggests that the government had to present expert testimony to help the jury conclude that the firearms introduced in evidence indeed fit the statutory definition.  He concedes that the government presented Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF") agent Israel Valle-Valle ("Agent Valle") as an expert, who testified (among other topics) that the items seized from the

---

[1] Because defendant limits his challenge to the firearm element, it is unnecessary to recount the evidence presented by the government to prove the additional elements of Counts One and Two, or to discuss such elements.

residence were firearms as defined by Section 921. He argues that Agent Valle was qualified as an expert in the interstate and foreign nexus of firearms, not in identifying items as firearms. He submits that Agent Valle testified that he did not fire or disassemble the firearms as part of his analysis. And because no other witness testified that the firearms were tested to ascertain whether they were firearms according to the statutory definition, he claims the government failed to establish the firearm element of Counts One and Two beyond a reasonable doubt.

Contrary to defendant's contention, there was sufficient evidence for a rational jury to find him guilty of Counts One and Two. With respect to Count One, defendant overlooks the fact that the indictment charged him with being a felon in possession of not only firearms but also of ammunition, in violation of § 922(g)(1), which criminalizes the possession of both firearms and ammunition. See, 18 U.S.C. § 922(g)(1). On that basis, the jury could find defendant guilty based on his possession of ammunition alone, and defendant does not challenge the sufficiency of the evidence presented as to that element (or any other). Therefore, his motion for a judgment of acquittal as to Count One fails on that ground alone.

At any rate, the term "firearm" as applied to the offenses at issue means "(A) any weapon (including a starter gun) which will or is designed to or may readily be converted to expel a projectile by the action of an explosive; (B) the frame or receiver of any such weapon; (C) any firearm muffler or firearm silencer; or (D) any destructive device." 18 U.S.C. § 921(a)(3) (emphasis added). Defendant's argument rests on an erroneous premise: that the government needed an expert to testify that the guns seized were real firearms as defined in Section 921(a)(3). It has been established, however, that expert testimony is unnecessary "to prove that an object is a real gun." United States v. Martínez-Armestica, 846 F.3d 436, 441 (1st Cir. 2017). "Descriptive lay opinion

United States v. Cortez-Oropeza
Criminal No. 18-459 (PAD)
Memorandum and Order
Page 5

testimony can be sufficient," United States v. Roberson, 459 F.3d 39, 47 (1st Cir. 2006) (citing United States v. Kirvan, 997 F.2d 9623, 966-67 (1st Cir. 1993)), as the government need not offer proof that "reach[es] a level of scientific certainty," United States v. Cruz-Díaz, 550 F.3d 169, 173 (1st Cir. 2008) (quoting Roberson, 459 F.3d at 47).

      Here, Agent Valle's testimony provided direct evidence for the jury to ground its finding. Although he was qualified as an interstate nexus expert, Agent Valle testified that he worked on criminal investigations that involved firearms (Docket No. 99 at p. 27). According to Agent Valle, he was familiar with firearms as he regularly held and inspected firearms and looked at the markings on their frames to conduct his interstate nexus analysis (Docket No. 88 at p. 78). Agent Valle further testified that in his analysis of the firearms in this case, he focused on the frame of the guns because that "is what is considered a firearm" (Docket No. 99 at p. 38). He also testified that after personally inspecting the firearms that were admitted into evidence, he could conclude that they were firearms because they had all the components necessary of a firearm under Section 921 and therefore met the statutory definition, which he recited on the stand (Docket No. 99 at pp. 54, 62-63).[2] Finally, Agent Valle explained that he did not need to test-fire the guns to conclude that they met the legal definition of a firearm because a frame was sufficient to meet that definition (Docket No. 99 at p. 100). See, United States v. Ford, 548 F.3d 1, 7 (1st Cir. 2008) (acknowledging that the government does not need to prove that a gun is loaded or operable to convict (quoting United States v. Taylor, 54 F.3d 967, 975 (1st Cir. 1995)). Moreover, no witness, nor defendant's own statements to law enforcement officers, suggested that the guns in evidence

---

[2] Agent Valle's recitation of the definition of "firearm" aligned with the language in Section 921(a)(3).

were fake or anything other than a firearm.  See, Cruz-Díaz, 550 F.3d at 173 (noting that the lack of testimony alleging the firearm was fake supported the jury's guilty verdict).

The jury also had circumstantial evidence to draw upon in concluding that the guns that defendant possessed were firearms that fit the statutory definition.  The government presented the testimony of Puerto Rico Police Department ("PRPD") Sergeant José Santiago-Ruiz) and Officer Luis de Serrano-Reyes, who both testified that they were experienced in investigations involving firearms (Docket No. 98 at pp. 4, 44-45).  Sergeant Santiago supervised and directed the execution of the search warrant at defendant's residence (id. at p. 8) and Officer de Serrano executed the search (id. at p. 48).

Sergeant Santiago testified that the warrant authorized a search for firearms (id. at p. 8).  The officers testified that upon searching the first bedroom, they found two firearms -- a revolver and a "machine gun type of weapon" -- hidden under the bottom drawer of a dresser (id. at pp. 14, 52-53).  Officer de Serrano explained that after that discovery, defendant and his wife were placed under arrest (id. at p.54).  Both agents expressed that they then searched a second bedroom, where they found a rifle and a variety of firearm magazines and ammunition inside some bags hidden under the bed (id. at pp. 14-15, 55).  Officer de Serrano verified whether the rifle was loaded and proceeded to unload it (id. at p. 56).  The government introduced the guns into evidence, and Officer de Serrano identified and described them as the ones seized from defendant's residence.

In addition, the government presented the testimony of PRPD canine handler Diego López-Hernández, who was qualified as an expert canine handler (id. at p. 33).  Agent López pointed out that the canine assigned to him, Max, was certified to look for firearms and that, during his time with Max, the canine had not erred in any identifications (id. at pp. 31-32, 40).  He further

United States v. Cortez-Oropeza
Criminal No. 18-459 (PAD)
Memorandum and Order
Page 7

testified that he and Max participated in the search, during which Max alerted in two of the residence's bedrooms, which was indicative of the presence of firearms in those areas (id. at pp. 35-36).

Finally, the government presented the statements that defendant gave to law enforcement officers in a post-arrest interview (Docket No. 99 at pp. 109, 111). Defendant admitted that the firearms seized from the residence were his, and he provided details about them such as their type, manufacturer, and caliber (id. at pp. 136-37). And he stated that he had purchased his firearms for protection because someone had shot him (id. at pp. 137, 139, 141).

Assessing the witnesses' testimony and all the evidence presented in the light most favorable to the jury's verdict, the court finds that there was sufficient evidence for the jury to find the defendant guilty of Counts One and Two beyond a reasonable doubt. The evidence amply supports the firearm element of the offenses. With that in mind, the motion for acquittal under Rule 29 must be denied.

### IV. CONCLUSION

For the foregoing reasons, defendant's motion for a judgment of acquittal is DENIED.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of June, 2020.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
U.S. DISTRICT JUDGE